**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC. | ) | Case No.: 26 CV 11408 |
| *Plaintiffs,* | ) | |
| v. | ) | |
| CUT AND FILL LLC d/b/a CUT AND FILL CONCRETE | ) | |
| *Defendant.* | ) | |

**COMPLAINT**

Plaintiffs, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 WELFARE FUND, ARCHITECTURAL IRON WORKERS' LOCAL NO. 63 DEFINED CONTRIBUTION PENSION FUND, and ARCHITECTURAL METAL TRAINEE SCHOOL FOR LOCAL NO. 63 AND THE IRON LEAGUE OF CHICAGO, INC. (collectively, "the Funds"), by and through their undersigned attorneys, complain against Defendant, CUT AND FILL LLC d/b/a CUT AND FILL CONCRETE ("Cut and Fill"), as follows:

**NATURE OF THE ACTION**

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act to collect fringe benefit contributions. Cut and Fill owes them under its collective bargaining agreement with Architectural & Ornamental Iron Workers Local Union No. 63 ("Local 63"). A payroll compliance audit found that Cut and Fill failed to report and pay contributions on 836 hours its employee worked from December

2025 through May 2026. Cut and Fill later paid the December 2025 through March 2026 contributions. It has not paid April or May 2026. Cut and Fill then reported hours for June and July 2026 and paid nothing.

2. The Funds seek $19,947.45 on the audit findings, $14,295.05 in unpaid contributions for June and July 2026 with liquidated damages and interest, and their attorneys' fees and costs under 29 U.S.C. § 1132(g)(2).

**JURISDICTION & VENUE**

3. This action arises under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This Court has subject-matter jurisdiction under 29 U.S.C. § 1132(e)(1) and (f), 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4. The Funds are administered in Westchester, Illinois, within this District.

5. Cut and Fill maintains its principal place of business in Volo, Lake County, Illinois, within this District, and performs work within Local 63's territorial jurisdiction.

6. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

**THE PARTIES**

7. The Funds are multiemployer employee benefit plans within the meaning of 29 U.S.C. § 1002(3) and (37). Each is administered by a board of trustees under an agreement and declaration of trust and receives contributions from employers bound to collective bargaining agreements with Local 63. The trustees are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A) and bring this action under 29 U.S.C. § 1132(a)(3) and (d)(1).

8. The collective bargaining agreement also requires a signatory employer to contribute to the Iron Workers' Mid-America Pension Plan and the Iron Workers' Mid-America Supplemental Monthly Annuity Fund (together, the "Mid-America Funds") and to remit wage deductions to Local 63. The employer reports and pays those amounts and its contributions to the Funds on one monthly remittance report and in one payment to the Iron Workers Local 63 Fringe Benefit Funds. (Ex. D.) The Funds collect those amounts together with their own contributions and seek them here.

9. Cut and Fill is an Illinois limited liability company with its principal place of business at 26639 W. Commerce Dr., Suite 401, Volo, Illinois 60073. It performs concrete foundation work. Cut and Fill is an employer within the meaning of 29 U.S.C. § 1002(5) and is engaged in an industry affecting commerce within the meaning of 29 U.S.C. §§ 142(1) and 152(2).

**FACTUAL ALLEGATIONS**

10. On February 2, 2023, Rachael McCuen, Cut and Fill's President, signed a Memorandum of Agreement with Local 63 (the "MOA"). (Ex. A.) In the MOA, Cut and Fill accepted and agreed to be bound by the collective bargaining agreement between Local 63 and the Iron League of Chicago, Inc. (Ex. A ¶ 1.) Cut and Fill also agreed to be bound by every successor, renewal, and amendment of that agreement unless it timely terminated the MOA. (Ex. A ¶¶ 1, 2.)

11. The operative collective bargaining agreement (the "CBA") runs from June 1, 2024 through May 31, 2027. (Ex. B.) Cut and Fill has not given written notice terminating the MOA and remains bound by the CBA.

12. In the MOA, Cut and Fill agreed to pay the contributions the CBA requires to the fringe benefit funds and agreed to be bound by the agreements and declarations of trust creating each fund, with all amendments. (Ex. A ¶ 3.) The CBA repeats that commitment and incorporates each trust agreement as if set forth in full. (Ex. B, Arts. 19.5, 19.7.) The MOA, the CBA, and the trust agreements are together the "Governing Agreements."

13. The CBA requires Cut and Fill to pay contributions at fixed hourly rates, for each hour a covered employee works, to the Welfare Fund, the Defined Contribution Pension Fund, the apprenticeship fund operated by the Architectural Metal Trainee School, the Mid-America Funds, the Industry Advancement Fund, and the IMPACT Fund. (Ex. B, Arts. 7.1, 19.1 through 19.4.) The CBA also requires Cut and Fill to deduct working assessments, vacation pay, IPAL, retiree, and organizing amounts from wages and remit them. (Ex. B, Art. 7.1.)

14. Contributions are due monthly. A payment transmitted on or before the 15th of the month is timely. (Ex. B, Arts. 7.1, 19.7.) With each payment, Cut and Fill must furnish the trustees the names, social security numbers, and hours worked of its covered employees. (Ex. B, Art. 19.8.)

15. An employer that becomes delinquent in its reports or payments owes more than the amount due. It must also pay the reasonable fees of the certified public accountants used to establish the amount due, reasonable attorneys' fees, interest, and liquidated damages in the amounts the trust agreements set. (Ex. B, Art. 19.10(c).)

16. The CBA gives Local 63 and the Funds the right to inspect Cut and Fill's payroll records through a certified public accountant they designate. When the audit reveals violations, Cut and Fill bears the cost of the audit. (Ex. B, Art. 7.2.)

## The Audit Findings

17. The Funds engaged Legacy Professionals LLP ("Legacy") to audit Cut and Fill's payroll records for October 1, 2023 through May 31, 2026. Legacy issued its report on June 15, 2026 (the "Audit Report"). (Ex. C.)

18. Legacy found that Cut and Fill failed to report 836 hours that one covered employee, Joshua McCuen, worked from December 2025 through May 2026, and failed to pay $33,408.44 in contributions and deductions on those hours (the "Audit Findings"). (Ex. C.) The Audit Findings by month are:

| | |
|---|---|
| December 2025 (200 hours) | $7,992.45 |
| January 2026 (176 hours) | $7,033.36 |
| February 2026 (116 hours) | $4,635.62 |
| March 2026 (40 hours) | $1,598.49 |
| April 2026 (160 hours) | $6,393.96 |
| May 2026 (144 hours) | $5,754.56 |
| ***Total Audit Findings*** | **$33,408.44** |

19. Legacy assessed liquidated damages of $2,672.68, computed at 8% of the Audit Findings, and interest of $833.35, computed at 8% per annum. (Ex. C.) Legacy charged the Funds $492.90 to perform the audit.

20. After the audit, Cut and Fill submitted remittance reports for the audited months and paid the contributions reported for December 2025 through March 2026. It has not paid the contributions for April or May 2026.

21. For April and May 2026, the Audit Report identifies $12,148.52 in unpaid contributions and deductions. (Ex. C.) Cut and Fill's own remittance reports show another $3,800.00 in contributions to the Mid-America Funds on the same 304 hours. (Ex. D.) Cut and Fill owes $15,948.52 in unpaid contributions for those two months.

22. On August 20, 2026, the Funds' counsel wrote to Cut and Fill, enclosed the Audit Report, and demanded payment within 14 days. Cut and Fill did not respond. Cut and Fill has not paid, responded, or challenged any finding in the Audit Report.

23. Cut and Fill owes the following on the Audit Findings:

| | |
|---|---|
| Unpaid contributions, April and May 2026 | $15,948.52 |
| Liquidated damages | $2,672.68 |
| Interest | $833.35 |
| Audit costs | $492.90 |
| ***Total due on Audit Findings*** | **$19,947.45** |

**The June and July 2026 Contributions**

24. Cut and Fill submitted remittance reports to the Funds reporting 144 hours worked by Joshua McCuen in June 2026 and 120 hours in July 2026. (Ex. D.) Those reports show $7,947.05 due for June 2026 and $6,348.00 due for July 2026, for $14,295.05 in contributions and deductions.

25. The June 2026 contributions were due by July 15, 2026. The July 2026 contributions were due by August 15, 2026. (Ex. B, Arts. 7.1, 19.7.) Cut and Fill has paid neither. Cut and Fill reported no hours for August 2026. (Ex. D.)

26. Under the Governing Agreements, Cut and Fill owes liquidated damages of 8% of the unpaid June and July 2026 contributions, or $1,143.60, and interest at 8% per annum, compounded monthly, from each due date until paid.

27. When a fiduciary obtains a judgment in favor of a plan in an action to collect delinquent contributions under 29 U.S.C. § 1145, the court must award the unpaid contributions, interest, the greater of interest or liquidated damages provided under the plan, reasonable attorneys' fees and costs, and any other legal or equitable relief the court deems appropriate. 29 U.S.C. § 1132(g)(2).

**COUNT I**
**ERISA, 29 U.S.C. §§ 1132 and 1145 (Audit Findings)**

28. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27.

29. Section 515 of ERISA requires every employer obligated to make contributions to a multiemployer plan under a collective bargaining agreement to make those contributions in accordance with the terms of the agreement. 29 U.S.C. § 1145.

30. Cut and Fill is obligated under the Governing Agreements to report and pay contributions for every hour its covered employees work. Cut and Fill violated 29 U.S.C. § 1145 and the Governing Agreements by failing to report and pay contributions on the 836 hours Legacy identified, and by failing to pay the April and May 2026 contributions after the audit.

31. Cut and Fill owes the Funds $19,947.45 on the Audit Findings, consisting of $15,948.52 in unpaid contributions, $2,672.68 in liquidated damages, $833.35 in interest, and $492.90 in audit costs, plus interest that continues to accrue on the unpaid contributions until paid.

WHEREFORE, the Funds request judgment in their favor and against Cut and Fill LLC d/b/a Cut and Fill Concrete on Count I, awarding:

a. The Funds $19,947.45 on the Audit Findings, consisting of $15,948.52 in unpaid contributions, $2,672.68 in liquidated damages, $833.35 in interest, and $492.90 in audit costs.

b. Interest on the unpaid contributions from the date of the Audit Report through the date of judgment.

c. The Funds' reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(2)(D).

d. Any other relief this Court deems just and equitable.

**COUNT II**
**ERISA, 29 U.S.C. §§ 1132 and 1145 (June and July 2026 Contributions)**

32. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27.

33. Cut and Fill reported 264 hours of covered work for June and July 2026 and paid none of the $14,295.05 due on those hours. Cut and Fill violated 29 U.S.C. § 1145 and the Governing Agreements by failing to pay those contributions when due.

34. Cut and Fill owes the Funds $14,295.05 in unpaid contributions for June and July 2026, $1,143.60 in liquidated damages, and interest at 8% per annum, compounded monthly, from July 15, 2026 on the June contributions and from August 15, 2026 on the July contributions.

35. Cut and Fill remains bound by the CBA and must report and pay contributions for every month in which its covered employees work. Any contributions that come due during this action and go unpaid are recoverable on the same terms.

WHEREFORE, the Funds request judgment in their favor and against Cut and Fill LLC d/b/a Cut and Fill Concrete on Count II, awarding:

a. The Funds $14,295.05 in unpaid contributions for June and July 2026.

b. Liquidated damages of $1,143.60 and interest at 8% per annum, compounded monthly, from July 15, 2026, on the June 2026 contributions and from August 15, 2026 on the July 2026 contributions, through the date of judgment.

c. An order directing Cut and Fill to submit any remittance reports that come due during this action and to pay the contributions, liquidated damages, and interest shown due on them.

d. The Funds' reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(2)(D).

e. Any other relief this Court deems just and equitable.

**COUNT III**
**Labor Management Relations Act, 29 U.S.C. § 185 (Breach of the CBA)**

36. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27.

37. The CBA is a contract between an employer and a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 185(a). The Funds are third-party beneficiaries of the CBA and may enforce it.

38. Cut and Fill breached the CBA by failing to report and pay contributions on the 836 hours Legacy identified, by failing to pay the April and May 2026 contributions, and by failing to pay the June and July 2026 contributions. (Ex. B, Arts. 7.1, 19.1 through 19.8.)

39. Under Article 19.10(c) of the CBA, Cut and Fill must pay the Funds the unpaid contributions, the audit costs, interest, liquidated damages, and the Funds' reasonable attorneys' fees. Cut and Fill owes $19,947.45 on the Audit Findings and $14,295.05 for June and July 2026, for $34,242.50, plus liquidated damages and interest on the June and July 2026 contributions.

WHEREFORE, the Funds request judgment in their favor and against Cut and Fill LLC d/b/a Cut and Fill Concrete on Count III, awarding:

a. The Funds $34,242.50, consisting of $19,947.45 on the Audit Findings and $14,295.05 in unpaid contributions for June and July 2026.
b. Liquidated damages of $1,143.60 and interest at 8% per annum, compounded monthly, on the June and July 2026 contributions from their due dates through the date of judgment.
c. The Funds' reasonable attorneys' fees and costs under Article 19.10(c) of the CBA.
d. Any other relief this Court deems just and equitable

Respectfully submitted,

**ARCHITECTURAL IRON WORKERS LOCAL NO. 63 WELFARE FUND, et al.**

By: */s/ Kyle Sullivan*
One of their attorneys

Gregory W. Hosé
Andrew Pigott
Kyle Sullivan (ARDC No.: 6336828)
Kay Han
**Gregorio, Stec, Klein, & Hosé, LLC**
2 N. LaSalle St., Suite 1650
Chicago, IL 60602
Phone: (312) 263-2343
Email: ksullivan@gregoriolaw.com